Jyotin Hamid (jhamid@debevoise.com)
Wendy B. Reilly (wbreilly@debevoise.com)
Tricia B. Sherno (tbsherno@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-1031
Fax: (212) 909-6836

*Attorneys for GoldenTree Asset Management LP*

**14 CV 8949**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GOLDENTREE ASSET MANAGEMENT LP,

    Plaintiff,

    vs.

UNITED WIRE, METAL AND MACHINE
PENSION FUND,

    Defendant.
------------------------------------------------------------X



14 Civ. _____ ( )

**COMPLAINT**

Plaintiff GoldenTree Asset Management LP ("GTAM"), by its attorneys Debevoise & Plimpton LLP, for its complaint against Defendant United Wire, Metal and Machine Pension Fund (the "Fund") for declaratory relief alleges as follows:

### Nature of Action

1. This is an action for declaratory relief. The Fund asserts that GTAM is jointly and severally liable with a company called Brand Manufacturing Company ("Brand Manufacturing") for "withdrawal liability" to the Fund under the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). The Fund has demanded that GTAM begin to make quarterly installment payments in connection with this purported "withdrawal liability."

But, in fact, neither GTAM nor any of the clients or entities to which it provides investment advisory or management services has any "withdrawal liability" to the Fund. That is because neither GTAM nor any such entities – individually or collectively – meet the statutory definition of an "employer" under ERISA § 4001(b)(1).

### Parties

2. Plaintiff is a limited partnership formed and organized under the laws of Delaware, with its principal place of business at 300 Park Avenue, 21st Floor, New York, New York 10022.

3. Defendant is a multi-employer pension plan within the meaning of 29 U.S.C. § 1002(37)(A) and 29 U.S.C. § 1301(a)(3), and, on information and belief, its principal place of business is located at 24-09 38th Avenue, Long Island City, New York 11101.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1331 (federal question) because this action arises under 29 U.S.C. §§ 1381-1383, 1399(c)(2) and 1451(a)(1) and (c).

5. This Court has authority to award the declaratory relief that GTAM is requesting pursuant to 28 U.S.C. § 2201.

6. This Court has personal jurisdiction over the Fund pursuant to 29 U.S.C. § 1451(d).

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) and 29 U.S.C. § 1451(d) because the Defendant is a resident of the state in which this District is located and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## Background

8. Prior to the date of its "complete withdrawal" (see paragraph 9 below), Brand Manufacturing was a contributor to the Fund pursuant to a collective bargaining agreement.

9. According to the Fund, on or about March 31, 2010, Brand Manufacturing effected a "complete withdrawal" (within the meaning of 29 U.S.C. § 1383) from the Fund, triggering "withdrawal liability" for Brand Manufacturing under ERISA and the MPPAA.

10. According to the Fund, on June 23, 2010, Brand Manufacturing began making quarterly withdrawal liability payments to the Fund each in the amount of $43,905.10. Also according to the Fund, Brand Manufacturing has not made a quarterly payment since April 14, 2014.

11. Brand Manufacturing was affiliated with companies called Source Media Holdco LLC and Source Home Entertainment, LLC (together "Source"). Two separate subsidiaries of these entities, Source Interlink Manufacturing LLC and Source Interlink Companies, Inc. made withdrawal liability payments to the Fund on behalf of Brand Manufacturing during the period in or around June 2010 through April 2014.

12. On or about June 23, 2014, Source Home Entertainment, LLC and certain of its affiliates filed a voluntary petition for reorganization under Chapter 11 in the United States Bankruptcy Court for the District of Delaware.

13. On or about September 11, 2014, Mark A. Torres, Esq., Counsel to the Fund, sent GTAM a letter specifically asserting that GTAM is jointly and severally liable with Brand Manufacturing for its purported "withdrawal liability." The Fund asserted that, in connection with such purported liability, GTAM is liable for "the remaining withdrawal liability balance owed to the Fund [of] $2,809,926.40."

## GTAM Has No Liability To The Fund

14. To be subject to withdrawal liability under the MPPAA, GTAM and the entities to which it provides services must meet the statutory definition of an "employer" under ERISA § 4001(b)(1). More specifically, some grouping of such entities would have to be both (1) "trades or businesses" and (2) under "common control" with Source, having "at least 80 percent of total combined voting power of all classes of stock entitled to vote of such corporation or at least 80 percent of the total value of shares of all classes of stock of such corporation" as of the date of Brand's withdrawal from the Fund. 26 C.F.R. § 1.414(c)-2(b)(2)(i)(A); ERISA § 4001(b)(1). No such grouping existed as of the date of Brand's withdrawal from the Fund.

15. GTAM is an asset management firm that provides investment advisory or management services to a diverse array of clients and entities. The clients and entities to which GTAM provides investment advisory or management services have different objectives, investment strategies, legal structures and ownership.

16. GTAM itself does not hold, and has never held, any of the equity of Brand or Source.

17. As of March 31, 2010, the date of Brand's withdrawal from the Fund, the entities to which GTAM provides services held, in the aggregate, only approximately 24% of the voting power and 24% of the value of Source's stock.

18. As a result, neither GTAM nor the entities to which it provides services crossed the 80% threshold as to voting power or stock ownership as of the date of Brand's withdrawal from the Fund. They thus cannot be deemed to have been under "common control" with Source as of the withdrawal date.

19. The fact that some entities to which GTAM provides services *later* acquired additional Source equity is legally irrelevant. In any event, even if it were relevant to consider

4

acquisitions of additional Source equity *after* the date of withdrawal (which it is not), it would still be the case that neither GTAM nor any of the entities to which it provides services have withdrawal liability for the reasons articulated in the declaratory judgment complaint filed by GTAM today against a different pension fund in the U.S. District Court for the Southern District of New York.

20. Because neither GTAM nor any of the entities to which it provides services – individually or collectively – meet the statutory definition of an "employer" under ERISA § 4001(b)(1), none of them have withdrawal liability to the Fund.

### FIRST CAUSE OF ACTION
### (Declaratory Judgment)

21. GTAM repeats and realleges all of the allegations above as if fully set out herein.

22. Pursuant to 28 U.S.C. § 2201(a), GTAM seeks a declaration of this Court that neither GTAM nor any of the entities to which it provides services has withdrawal liability to the Fund or is required to make any payments to the Fund.

23. Declaratory relief is appropriate because there is an actual justiciable controversy between the parties of sufficient immediacy to justify the relief sought. The Fund has taken the unequivocal position that GTAM is subject to withdrawal liability under the MPPAA.

24. Declaratory relief would serve the useful purpose of clarifying the parties' rights and financial liabilities under ERISA and the MPPAA.

### Prayer for Relief

WHEREFORE, GTAM respectfully requests that this Court enter a Judgment, in favor of GTAM and against the Fund, providing as follows:

   A.   A declaration that neither GTAM nor any of the entities to which it provides services has withdrawal liability to the Fund or is required to make any payments to the Fund;

B.  An award to GTAM of its attorneys' fees and costs pursuant to applicable provisions of ERISA and/or the MPPAA; and

C.  Granting such other and further relief to GTAM as the Court deems just and proper.

Dated: New York, New York
November 10, 2014

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By: _____
Jyotin Hamid (jhamid@debevoise.com)
Wendy B. Reilly (wbreilly@debevoise.com)
Tricia B. Sherno (tbsherno@debevoise.com)
919 Third Avenue
New York, New York 10022
(212) 909-1031

*Attorneys for GoldenTree Asset Management LP*